No. 18,797.

C. T. MONCKTON, *Appellee*, v. THE ST. LOUIS & SAN
FRANCISCO RAILROAD COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Hand Car—Measure of Damages—Evi-
dence.* The evidence considered and held sufficient to warrant
submission to the jury of lost time, impaired earning capacity,
future pain, and permanent injury as elements of damage;
also, to furnish a sufficient foundation for the admission of
certain impeaching testimony.

Appeal from Sedgwick district court, division No. 2;
THORNTON W. SARGENT, judge. Opinion filed April 11,
1914. Affirmed.

*R. R. Vermilion,* of Wichita, for the appellant.

*A. V. Roberts,* and *D. O. Potts,* both of Wichita, for
the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff recovered damages in the
sum of $500 for personal injuries received through
the negligence of the defendant while working for it
as a common laborer in the erection of a fence. The
defendant appeals.

The most meritorious assignments of error go to
the amount of recovery and not to the right to recover.

It is said the proof of the amount and value of time
lost by the plaintiff was not sufficiently definite for the
court to submit that element of damage to the jury.
The plaintiff alleged that when he was injured he was
earning $1.35 per day. While a general denial of the
allegations of the petition was filed, the real contest
was waged over other matters and, probably through
mere inadvertence, the plaintiff was not asked to state
his wages. The defendant knows what they were.
There is no suggestion that they were less than stated,

Monckton v. Railroad Co.

and the cause ought not to be remanded for a new trial simply to permit the plaintiff to swear to an undisputed amount.

In describing the condition of his health before the injury the plaintiff said he worked in the harvest field on a header barge and in the oil fields for $2.50 per day ditching with pick and shovel. He then testified that he had not been able to perform heavy manual labor since his injury. Other testimony indicated that this meant work like he was doing before and at the time of his injury. He did, however, continue to work with the fence gang the remainder of the day on which he was injured and on the next day, and later he did chore work for a Mr. Kibbey for which he claimed compensation for forty-seven and one-half days.

In view of the foregoing it can not be said that the jury had no data to compute damages for loss of time.

Complaint is made that the court permitted the jury to consider impaired earning capacity, future pain, and permanent injury as elements of damage.

The defendant combated every claim which the plaintiff made as to physical injury, its cause and its consequences. The jury have settled that controversy in the plaintiff's favor, and accepting his evidence as true, his earning capacity was impaired, his pain was not likely to cease at once, and he was not likely to be restored immediately to his former vigor. The size of the verdict shows that the jury did not go beyond the common knowledge of all men in estimating these factors of compensation. If the plaintiff was injured and did suffer the disabilities which he described, and these were the main questions, he was entitled to all he received.

A physician called by the defendant examined the plaintiff shortly after his injury. He testified that upon such examination he found no evidence of any injury that would create any soreness or trouble in the bowels or liver. On cross-examination he was asked if he had

not made a contrary declaration, and he testified that he did not tell the plaintiff shortly after the injury that the plaintiff had a bruised liver or injured bowels. The examination and cross-examination clearly related to the same occasion and it was not error to allow the plaintiff to testify in rebuttal that the physician did make such a statement at the time he examined the plaintiff. Besides this, if the physician's attention was not sufficiently attracted to the time, place, and circumstances of the claimed conversation by the question asked him on cross-examination he might have been recalled by the defendant after the plaintiff had given his impeaching testimony, in order to make any desired explanation.

An instruction on the ground of negligence, claimed to be erroneous, is immaterial in view of the special findings of the jury that the plaintiff was not injured by the accidental stumbling of another employee, but was injured by another employee's giving a hand car a sudden jerk, striking the plaintiff in the side.

There being no tenable ground for granting a new trial of any issue except the amount of recovery the court feels constrained to affirm the judgment of the district court, and it is so ordered.